UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-----------------------------------------------------------x

ROGER JOSEPH, Prisoner Number 95A8729,

Plaintiff,

-against-

ERIC GONZALEZ, D.A. Kings County;
ERIC SCHNEIDERMAN, Att. Gen. of the State
of New York; PHILIP SMALLMAN, Esq.
Defense Att. At Trial; JESSICA PRINCE,
A.D.A.; KAREN M. KALIKOW, Asso. App.
Counsel; M. MOORE, Detective,

Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-367 (CBA) (LB)

**AMON, United States District Judge:**

On January 13, 2017, Plaintiff Roger Joseph, currently incarcerated at Fishkill Correctional

Facility, brought this pro se action under 42 U.S.C. § 1983, challenging his 1995 state court

conviction. This is Plaintiff's third attempt at collaterally attacking the conviction. Plaintiff first

challenged the conviction by filing a petition for writ of habeas corpus in the United States District

Court for the Eastern District of New York on May 8, 2001. The Honorable David G. Trager,

United States District Judge, denied the habeas petition and closed the case, and the Second Circuit

denied a certificate of appealability. See Joseph v. Greiner, No. 01-CV-3154 (DGT). On May 10,

2016, plaintiff filed a second writ of habeas corpus in this Court. See Joseph v. Keyser, No. 16-

CV-2409 (CBA). On June 6, 2016, the Court transferred the petition to the United States Court of

Appeals for the Second Circuit because it was second or successive, and three months later, the

Second Circuit denied Plaintiff leave to file it. See id.

Plaintiff may not proceed with this third attempt. Pursuant to 28 U.S.C. § 1915, the Court grants Plaintiff's application to proceed in forma pauperis. For the reasons discussed below, the Court dismisses the Complaint.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage, the Court must assume the truth of all well-pleaded factual allegations, but the Complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's pro se complaint liberally and interpret it to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Plaintiff brings this action in connection with his 1995 arrest and criminal conviction in Kings County Supreme Court for murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. (See D.E. # 1 ("Compl.") at 4, 30); People v. Joseph, 269 A.D.2d 407, 407 (2d. Dept. 2000). Plaintiff asserts that he is filing a "Civil Rights Complaint" under § 1983 and that the Defendants engaged in a

"chain conspiracy to have Plaintiff convicted in Criminal Court." (Compl. at 1, 3.) He added that he seeks "to have an evidentiary hearing and a trial in the Eastern District Federal Court, in [o]rder to prove that he is actually [i]nnocent of the charges wherein he now stands convicted. And to show that the Indictment is based upon false and perjurious [sic] testimony used therein to indict[] Plaintiff in this matter." (Id. at 5.) Plaintiff attaches numerous filings apparently related to the trial and subsequent appeal.

Even under the most liberal construction, Plaintiff's claims cannot proceed as a § 1983 suit. At the outset, Plaintiff's claims are clearly time-barred because the events giving rise to his claims occurred in the 1990's and Plaintiff filed the instant action on January 13, 2017.[1] See Owens v. Okure, 488 U.S. 235, 251 (1999) (stating that the statute of limitations for a § 1983 action in New York is three years); see also Milan v. Werthheimer, 808 F.3d. 961, 963–65 (2d Cir. 2015) (per curiam) (affirming sua sponte dismissal of claims based on statute of limitations). Moreover, Plaintiff's request for an evidentiary hearing and new jury trial in this Court, toward the goal of having his conviction overturned and for him to be released from custody, is not a remedy that this Court has the authority to grant in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489, 499 (1973) (recognizing that a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison and that such relief is not cognizable under § 1983).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). Whereas ordinarily the Court would allow plaintiff an opportunity to amend his Complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford the

---

[1] Under the "prison mailbox rule," a submission by an imprisoned pro se petitioner is deemed filed on the day it is given to prison officials. See Walker v. Jastremski, 430 F.3d 560, 562 (2nd Cir. 2005) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

3

opportunity here because amendment would be futile, see Ashmore v. Prus, 510 F. App'x 47, 49

(2d Cir. 2013). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not

be taken in good faith, and the Court therefore denies in forma pauperis status for the purpose of

an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court also is

directed to close this case.

     SO ORDERED.

Dated: November 17 , 2017
      Brooklyn, New York

                           s/Carol Bagley Amon
                           Carol Bagley Amon
                           United States District Judge

4